HUTCHINSON *et al.* v. EVERETT.

(*Circuit Court, S. D. Ohio.* December 13, 1887.)

1. PATENTS FOR INVENTIONS—REISSUE—ABANDONMENT—MISTAKE.
   Where, in an application for a reissue of letters patent seeking to cover certain grounds omitted in the former application by reason of a misapprehension of the objections of the commissioner, it appeared that the objections did not require an abandonment; that nothing which was not disclosed in the former was claimed in the latter, and that the application for reissue was made within a reasonable time: *held,* the applicant regained his position by his new application and the reissue.

2. SAME—REISSUE—JURISDICTION OF COMMISSIONER.
   In an application for reissue of letters patent, the jurisdiction of the commissioner attaches only when the application is made within a reasonable time, and he cannot acquire jurisdiction by an erroneous assumption of it.

3. SAME—INFRINGEMENT—DEFENSE—PLEADING AND PROOF.
   In an action for infringement of letters patent, where the plea of the defendant was abandonment, *held,* that although the construction of the proceedings of the patent-office would result in holding the claim of the reissue void, the plea could not be sustained on the ground that this would not be the single point indicated by the plea.

In Equity. On bill for injunction.

This is an action brought by Charles G. Hutchinson and others, plaintiffs, against Edward H. Everett, defendant, to restrain an alleged infringement by defendant of plaintiffs' letters patent on a bottle-stopper.

*West & Bond,* for plaintiffs.

*Briesen & Steele* and *Parkinson & Parkinson,* for defendant.

SEVERENS, J. In this cause I am of opinion, upon a careful study of the proceedings in the patent-office preliminary to the grant of the original patent to Hutchinson, and of the subsequent proceeding taken to obtain the reissue, and of the original and reissued patents, that the original specifications were broad enough to cover the defendant's bottle-stopper; that the narrowing of the claim and the canceling of the drawings Nos. 3 and 4, the latter of which is, as conceded by defendant's counsel, substantially like the one defendant manufactures, were caused by a misapprehension on the part of the applicant of the grounds upon which his application had been rejected at the patent-office; that, in fact, those grounds of objection did not at all involve the requirement that the spring attached to the stopper should not only approximate the form of a figure 8, but should also be of a wire transversely crossing itself,—a feature not necessary to make the spring approximate the figure 8; that, however, it was the effect of the narrowing of the claim, and the canceling of figures 3 and 4, and especially of the striking out of the specifications of so much as related to the structures indicated by 3 and 4, to restrict the original patent within bounds which would not include the defendant's stopper; that, within a reasonable time, the applicant made his application for a reissue, and so broadened his specifications as to cover the ground he had abandoned under misapprehension, (as above stated,) and to include the defendant's stopper; and that his first claim as approved in the reissue is also wide enough for that purpose.

It follows from these views that, if the applicant, under such circumstances, had forever lost his right to a patent which should include the ground abandoned on getting his original patent, the subsequent reissue would be void as to that lost ground, and, inasmuch as the second claim on the reissue seems co-extensive with the claim confirmed by the original patent, and the inference drawn from this fact and the enlargement of the specifications is that the first claim was intended to cover wider ground, it would follow also that the first claim of the reissue is void. If, however, it was competent for the patentee to recover his ground by his application for the reissue, and obtaining it, as he did, it would follow that the defendant infringes the patent. Upon two points, then, I invite counsel to submit argument by brief: *First.* Was it competent for the applicant to regain his position by his new application and the reissue? *Second.* If not, and the first claim of the reissue is void, can the defense be made under this plea?

Pending another litigation involving other points, a disclaimer was filed by the patentee, June 18, 1883; but it is held that the disclaimer does not extend to the defendant's stopper. It was made *diverso intuitu;* and, when construed as an entirety, as it should be, does not include a spring which

approximates the figure 8, but in which the wire does not cross itself, as in the *exact* conformation of that figure as usually written it would do. It is, I think, true that, as pointed out by defendant's counsel, the crossing of the wire as in the figure 8 adds a peculiar advantage to the plaintiff's device when in that form, because, when in operation, it duplicates the points of pressure and reaction, and thus makes more perfect the co-operation of the neck of the bottle and the spring of the stopper in the desired result. But this feature is nowhere alluded to in the proceedings, and seems not to have been thought of. It is not thought that the circumstance alluded to on the argument, that the figure set forth in the drawings of the application for reissue is exactly that of the defendant's stopper, in indicates bad faith on the part of the applicant: For aught that the court here knows, the defendant may have taken up this figure as a sample for his own product, depending on the assumption that, having been stricken out, it was common property. His use of it would be evidence of its value. The striking out of this last-mentioned figure was, however, expressly required, to comply with the technical rule that no new figures could be used not represented in the original drawings, and could not, therefore, be construed as an abandonment.

### SUPPLEMENTAL OPINION.

#### (January 12, 1888.)

SEVERENS, J. Counsel having, in response to the invitation of the court, submitted further argument and briefs upon the two questions indicated by the court, further consideration has been given them. My conclusion is that, having regard to what transpired at the patent-office, and the promptness with which the reissue was applied for, it was competent to include within its claims the feature which had been dropped in the original proceeding. It appears to me that there is fair room to believe that the particular feature which seems to be essential to the present inquiry was inadvertently discarded by the patentee in yielding to the supposed objections of the commissioner; and that such objections did not in fact require this abandonment. The cases of *Miller* v. *Brass Co.*, 104 U. S. 350; *Mahn* v. *Harwood*, 112 U. S. 354, 5 Sup. Ct. Rep. 174; *Clements* v. *O. less Co.*, 109 U. S. 641, 3 Sup. Ct. Rep. 525; *Parker & Whipple Co.* v. *Lock Co.*, 123 U. S. 87, 8 Sup. Ct. Rep. 38; and some other cases of like import in the supreme court,—are cited by counsel for defendant as conclusive that a claim once abandoned, in order to obtain, cannot be revived by reissue. And it is insisted that the rule applies to the case in hand. The rule applied by the court in those cases is founded in the purpose of preventing fraud on the part of the patentees. It has in view attempts by afterthought, and upon discovery of the inventions and devices of others, to ingraft new stocks upon the former planting. It is conceded, for the purposes of the rule, that the action of the commissioner is ordinarily decisive of the question whether there has been inadvertence or not; but it is held that the jurisdiction of the commissioner attached only when the application for reissue is made within a reasonable time.

Whether it is so made is a question of law, and the commissioner does not acquire jurisdiction by an erroneous decision that he has it. In the present case the delay was not unreasonable; and I think the action of the commissioner, being within the limits of his authority, should stand. It appears to me that the purposes of the statute permitting reissues fairly cover such a case. Nothing which was not disclosed in the original specifications is brought forward in the reissue. At least there was nothing relevant to this inquiry. It was competent for the commissioner to determine whether there had been inadvertence or not. The time in which the application for the reissue was made being only 20 days, was much less than the time indicated as reasonable in the decided cases. *Mahn* v. *Harwood*, 112 U. S. 354, 5 Sup. Ct. Rep. 174, and cases there cited. See, also, upon the general proposition, *Morey* v. *Lockwood*, 8 Wall. 240; *Russell* v. *Dodge*, 93 U. S. 460; *Eames* v. *Andrews*, 122 U. S. 40, 7 Sup. Ct. Rep. 1073.

Upon the other point, also, my opinion would be with the complainant, that the plea would not be sustained by such a construction of the proceedings in the patent-office as would result in holding the claim of the reissue void. This would not be the single point indicated by the plea. Ordinarily, this mode of making defense is not much favored, and the ancient rule that the plea must fairly and precisely hit the mark has always been observed. The question whether the defense relied upon can regularly be presented by plea was not much argued by counsel or considered by the court, and no ruling is made upon it. Story, Eq. Pl. §§ 652, 653.

The result is that the plea must be overruled, with costs, and the defendant allowed to answer as prescribed by the rule.